### ALLEN v. WELLS, FARGO & CO.

(Supreme Court, Appellate Term. November 3, 1905.)

1. CARRIERS—TRANSPORTATION OF FREIGHT—DEVIATION.

Where defendant carrier deviated from a contract of transportation by transferring the freight to another carrier at D. street, instead of delivering it at 125th street, in a certain city, where it had an office and to which point its route extended, it was liable for the damages sustained thereby.

[Ed. Note.—For cases in point, see vol. 9, Cent. Dig. Carriers, §§ 290–294, 356.]

2. JUDGMENT—INSERTION OF COSTS—ENTRY.

Under Municipal Court Act, Laws 1902, p. 1589, c. 580, §§ 341, 342, providing that, when judgment has been rendered by the justice, costs must be taxed by the clerk and inserted in the judgment, and that a taxation may be reviewed by the justice within five days after the "entry" of judgment, without any limit of time being fixed for the taxation of costs after judgment is "rendered," the judgment is not completed until the costs are inserted.

3. COSTS—TAXATION—REVIEW.

Under Municipal Court Act, Laws 1902, p. 1589, c. 580, § 342, providing that a taxation of costs may be reviewed by the justice within five days after the "entry" of judgment, such review may be had within five days from the time when the "entry" is completed by the insertion of costs.

Appeal from Municipal Court, Borough of Manhattan, Eleventh District.

Action by Lucy B. Allen against the Wells, Fargo & Co. From a

Municipal Court judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before SCOTT, P. J., and BISCHOFF and FITZGER-ALD, JJ.

Arthur K. Wing, for appellant.

E. W. Davidson, for respondent.

PER CURIAM. The defendant deviated from the contract when transferring the table to another carrier at Dey street, instead of delivering the article at 125th street, where it had an office and to which point its route extended. Thus the defense was not established, and the plaintiff's evidence of damage is found to support the recovery to the extent of five dollars, the amount awarded. There was no irregularity in the taxation of costs, in that more than five days had elapsed from the date when judgment was rendered. The insertion of costs was not an amendment of the judgment, since the statute evidently contemplates that the judgment is not complete until the costs are inserted (Municipal Court Act, Laws 1902, p. 1589, c. 580, §§ 341, 342), and no limit of time is fixed for the taxation after judgment is "rendered" (section 341). It would seem that the review which is provided for within five days after "entry" of judgment (section 342) may be had within that period when computed from the time when the "entry" is completed by the insertion of costs; otherwise, the statute could not be given the meaning which, if any, it must have been intended to possess.

No contention is made with regard to the items taxed, and, as we have stated, the date of taxation did not affect the validity of the judgment.

Judgment affirmed, with costs.